(No. 3373—

THEODORE H. VATZ, ET AL., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1943.*

HENRY BLUMBERG, for claimants.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

From the stipulation of facts herein it appears:

1. That Theodore H. Vatz and Leo M. Alexander, co-partners, doing business as the Alexander Supply Company, hereinafter referred to as claimants, on December 6, 1937, pursuant to a duly authorized and issued purchase order, No. B-123799, delivered to Peoria State Hospital, a charitable institution, operated by the respondent, certain items of merchandise appearing in a bill of particulars marked Claimants' Exhibit "A," and attached to the complaint filed herein.

2. That the contract price, which was the usual, customary and reasonable value of the items of merchandise, amount to $166.25.

3. That at the time said purchase order was issued and the merchandise was delivered to, and received by, the Peoria State Hospital, there was remaining unexpended in the appropriation from which said obligation was payable, a sufficient balance to pay for the same.

4. That the officials of the Department of Public Welfare have not vouchered for payment and declined so to do,

that portion of the purchase order covering syringes, in the total amount of $87.00; that the officials of said Department insist that it rejected as unsatisfactory and returned to claimants the syringes aforementioned; the said department has no receipt from the carrier showing that said syringes were shipped or mailed to the claimants, or delivered to a common carrier or U. S. Post Office for shipment and mailing to the claimants; the claimants deny that said syringes were ever received by them and that said department is unable to furnish any proof that said syringes were delivered to claimants or to anyone on their behalf.

5. That claimants have been paid the contract price for the remaining items appearing on said purchase order in said bill of particulars; that a warrant in the sum of $18.86 was issued to claimants in payment thereof; and that cashing of said warrants by claimants will in no manner bar or prejudice the claimants in prosecuting this claim. The claimants have not been paid the sum of $87.00 which represents the contract price of syringes or any part thereof. The claimants hereby reduce their claim from $106.25 to $87.00 which latter amount represents the contract price of the syringes.

Upon full consideration of the record we find: It is undisputed that claimants did actually deliver the goods as specified in the order.

Respondents contention that said syringes were returned to claimants is an affirmative defense and the burden is on the respondent to establish that fact by a preponderance of the evidence.

Here we find under said stipulation that ''said department has no receipt from a carrier showing that syringes were shipped or mailed to the claimants, or delivered to a carrier or the U. S. Post Office for shipment or mailing to the claimants.''

In the absence of such proof the evidence preponderates in favor of claimant. Claimant has been deprived of its goods and merchandise. No proof is in this record that the syringes were returned or received by claimant, and claimant denies receipt thereof.

In equity and good conscience this claim should be allowed and under the law claimant is entitled to an award.

An award is therefore entered in favor of claimants in the sum of $87.00 which represents the contract price of the syringes.